UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO FREEMAN, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 3:13-0012 |
| | ) | Judge Trauger/Bryant |
| v. | ) | **Jury Demand** |
| | ) | |
| ERIC QUALLS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Pending in this case is the motion for summary judgment filed on behalf of Defendants Sonny Weatherford, Sonya Troutt and Lance Morin ("the Sumner Defendants") (Docket Entry No. 16). Plaintiff Freeman has responded in opposition (Docket Entry No. 29).

For the reasons stated below, the undersigned Magistrate Judge recommends that these Defendants' motion for summary judgement be granted, and that the complaint against them be dismissed.

### STATEMENT OF THE CASE

Plaintiff Antonio Freeman, a prisoner proceeding *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the Sumner Defendants violated his constitutional rights while Plaintiff was temporarily confined at the Sumner County Jail in November 2012. The Sumner Defendants have filed their motions for summary judgment, arguing (1) that Plaintiff has failed to exhaust his administrative remedies for

some of his claims, and (2) that Plaintiff otherwise has failed to state a claim upon which relief can be granted.

## SUMMARY OF CLAIMS AGAINST SUMNER DEFENDANTS

In November 2012, Plaintiff Freeman was serving a sentence of confinement in the custody of the Tennessee Department of Corrections ("TDOC") at the Hardeman County Correctional Facility. For a period of approximately nine days from November 12 until November 20, 2012, Plaintiff was transferred temporarily to the Sumner County Jail in order to meet with his attorney and prepare for a hearing on a motion for new trial scheduled to occur on November 19, 2012 (Docket Entry No. 1).

Plaintiff alleges that during this temporary stay the Sumner Defendants housed him in a holding area known as the "drunk tank" ("the holding area") instead of in a normal cell. Plaintiff alleges that this holding area contained no bunk for sleeping, but that he and other inmates were required to sleep on the floor on mats issued by the jail. Plaintiff further claims that the floor was "filthy with what smelled and appeared to be urine and more urine, vomit and human feces caked in and around the toilet and sink area." (Docket Entry No. 1 at 8). Plaintiff claims that the room temperature in the holding area was excessively cold and uncomfortable, and that he was exposed to "excessive noise that deprived Plaintiff [of] sleep for three days." (*Id* at 10).

Plaintiff further claims that while he was confined to the holding area he was "fed lesser than the other county and state

inmates that were in general population and housed on administrative segregation." Plaintiff alleges that this disparity "constitutes a 14th Amendment discrimination claim against unequal treatment." (*Id*.)

Plaintiff further alleges that the Sumner Defendants housed him in the holding area during this temporary confinement in retaliation for Plaintiff's earlier litigation claims against them, in violation of his rights under the First Amendment (*Id*. at 11).

Finally, Plaintiff complains that on February 15, 2012, a visitor added $20 to Plaintiff's jail account at the Sumner County Jail. Apparently, on the next day, Plaintiff was transferred to TDOC custody at the Morgan County Correctional Facility in Wartburg. Plaintiff alleges that the Sumner County Defendants wrongfully failed to forward these funds to him, but instead "credited it to old medical bills and legal copies." (*Id*. at 14).

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby,*

3

*Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

42 U.S.C. § 1983 does not confer rights upon an individual. Instead, it is a vehicle to seek a remedy for violations of constitutional rights guaranteed elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). A plaintiff proves a claim under § 1983 by showing that: (1) the defendant was acting under

4

color of the state law; and (2) the defendant deprived the plaintiff of rights secured by the United States Constitution or laws of the United States. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Eighth Amendment of the United States Constitution prohibits the infliction of "cruel and unusual punishments." Plaintiff Freeman claims that the conditions in the holding area amounted to cruel and unusual punishment prohibited by the Constitution.

<u>Failure to Exhaust Administrative Remedies</u>. The Sumner Defendants assert Plaintiff's failure to exhaust his administrative remedies as an affirmative defense to many of Plaintiff's claims. The Prison Litigation Reform Act of 1995 provides that an inmate must exhaust all of his administrative remedies prior to bringing a federal lawsuit. 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory, and unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199 (2007). Once failure to exhaust administrative remedies is raised by a defendant, a plaintiff must set forth evidence to show he has complied with the requirements of exhaustion. To establish exhaustion of administrative remedies, a plaintiff must demonstrate he presented his grievances "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003). A prisoner who files a grievance but does not appeal to the highest possible administrative level has not

5

exhausted available administrative remedies. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

The Sumner Defendants assert that Plaintiff Freeman filed no grievances whatever complaining about living conditions in the holding area, and, therefore, that all claims based on those living conditions must be dismissed for Plaintiff's failure to exhaust administrative remedies. In support, Defendants have filed the declaration of Defendant Sonya Troutt, the Jail Administrator, who testified that the grievance system at the Sumner County Jail is based upon electronic kiosk machines located within the jail. A prisoner who wishes to file a grievance must go to one of the electronic kiosks and type in the substance of his grievance and the date. The grievance is then sent electronically to the jail administration for review and response (Docket Entry No. 16-1). According to the declaration of Defendant Troutt, the record shows that Plaintiff Freeman did file grievances complaining about the food on November 18 and on November 20, 2012, but that he did not file any other grievances regarding the other claims alleged in his complaint (*Id*. at 2). Specifically, the record failed to contain any grievance lodged by Plaintiff concerning living conditions in the holding area.

In his unsworn response in opposition to Defendants' motion, Plaintiff Freeman states that while housed in the holding area he did not have access to an electronic kiosk machine and that he did file written grievances on inmate request forms "or by

6

verbal communications". Plaintiff speculates that perhaps Defendants destroyed those request forms[1] (Docket Entry No. 29 at 1).

The record in this case is unclear regarding how many days Plaintiff Freeman was housed in the holding area. In Count III of his complaint, Plaintiff alleges that he has a constitutional right "to be protected from excessive noise that deprived Plaintiff [of] sleep for 3 days" (Docket Entry No. 1 at 10), suggesting although not stating that Plaintiff was housed in the holding area for only three days. In addition, Plaintiff's jail record attached as an exhibit to Defendant Troutt's declaration indicates that as early as November 16, 2012, Plaintiff Freeman had access to an electronic kiosk used for filing grievances, and that he used this system to make electronic requests to jail administration on November 16, 18 and 20, in addition to filing three electronic grievances on November 20, 2012, two of which complained about the food, and the other complained about failure to provide medical care for what he alleges to be a "painful hang nail aching on my left foot." (Docket Entry No. 16-2). This evidence suggests that at least as early November 16, 2012, Plaintiff Freeman did have access to the electronic grievance filing system, but filed no grievance on this system relating to conditions in the holding area.

---

[1]Plaintiff also has filed declarations of two other prisoners that purport to describe their confinement at the Sumner County Jail. However, these declarations do not appear to describe Plaintiff Freeman's confinement (Docket Entry No. 30).

7

While it is true that the requirement of exhausting administrative remedies may be excused upon a showing that prison officials prevented or interfered with the prisoner's attempts to exhaust remedies, *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001), Plaintiff Freeman has failed to produce any evidence satisfying the requirements of Rule 56(c) demonstrating that he attempted to grieve the conditions in the holding area but was prevented or thwarted in doing so by the Defendants. Accordingly, the undersigned Magistrate Judge finds that Plaintiff has failed to show a genuine dispute as to any material fact regarding his exhaustion of administrative remedies on such claims. Therefore, Defendants' motion for summary judgement should be granted with respect to Plaintiff Freeman's claims regarding living conditions in the holding area.

Moreover, even if Plaintiff had demonstrated a genuine issue for trial regarding whether he had exhausted his administrative remedies, the undersigned Magistrate Judge finds that the complaints that Plaintiff raises about living conditions during his temporary confinement in the holding area at the Sumner County Jail are *de minimis*, and do not rise to the stature of a constitutional violation. The Eighth Amendment prohibits conditions of confinement that "may deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To

the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. (*Id*.) To succeed in an Eighth Amendment claim, the prisoner must demonstrate more than "mere discomfort or inconvenience." *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005).

Here, Plaintiff Freeman alleges that during a temporary confinement in the drunk tank at the Sumner County Jail, lasting no more than eight days but perhaps as few as three days, he was required to sleep on the floor on a mat provided by the jail, that the floor in the area was soiled, especially around the toilet and the sink, that the temperature was uncomfortably cold, and that excessive noise deprived him of sleep "for three days." Plaintiff Freeman failed to allege that he suffered any physical injury from these conditions, and the undersigned Magistrate Judge finds that although these temporary conditions were likely uncomfortable and inconvenient, as a matter of law they cannot be said to have been "deprivations of essential food, medical care or sanitation" or "other conditions intolerable for prison" that implicate the Eighth Amendment. For this additional reason, the undersigned Magistrate Judge finds that the Sumner Defendants' motions for summary judgment with respect to Plaintiff's temporary confinement in the drunk tank should be granted, and such claims be dismissed.

Discrimination Under the 14th Amendment. Plaintiff also charges that he was given less food while confined in the holding area than that given to other prisoners housed elsewhere in the

9

jail (Docket Entry No. 1 at 10). Plaintiff claims that this disparity in the amount of food provided constitutes unequal treatment prohibited by the 14th Amendment.

Defendants argue that Plaintiff Freeman has failed to state an equal protection claim because he has not alleged that he was a member of a protective class.

To assert a Fourteenth Amendment equal protection claim, a Plaintiff must prove that a state actor purposely discriminated against him because of his membership in a protected class. *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). Plaintiff Freeman's only allegation concerning equal protection was that he was provided less food while confined in the holding area than other inmates were given who were housed elsewhere in the jail. Because Plaintiff has not alleged that he was a member of a protected class, he has no equal protection claim. Accordingly, the Sumner Defendants' motions for summary judgment on this claim should be granted.

Finally, Plaintiff's claim that the Sumner Defendants wrongfully failed to forward to him $20 from his inmate account upon his transfer to another facility but instead applied those funds to Plaintiff's outstanding debt for "old medical bills and legal copies" is, as a matter of law, *de minimis* and fails to rise to the stature of a constitutional violation. Notably, Plaintiff fails even to allege that he had not, in fact, incurred the expenses for medical bills and legal copies.

For the reasons stated above in this memorandum, the undersigned Magistrate Judge finds that the motion for summary judgment filed on behalf of the Sumner Defendants should be granted, and that the complaint against them should be dismissed.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Sumner Defendants' motion for summary judgment (Docket Entry No. 16) be granted and that the complaint against them be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 16th day of August, 2013.

/s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge

11