UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANTONIO FREEMAN | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-0012 |
| | ) | Judge Trauger |
| ERIC QUALLS, et al. | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

On November 12, 2012, the plaintiff was transported from a TDOC facility to the Sumner County Jail. He remained there for eight days while he conferred with his attorney about an upcoming matter in state court.

Upon his arrival, the plaintiff was placed in the "drunk tank". He remained in the "drunk tank" for probably three days before being moved to a regular cell. The plaintiff alleges that the "Sumner Defendants" violated his rights by placing him in the "drunk tank".[1] More specifically, he claims that (1) conditions of his confinement in the "drunk tank" were unconstitutional, (2) he was placed in the "drunk tank" in retaliation for his legal activities, (3) while in the "drunk tank", he received less food than other inmates in the general Jail population, and (4) the defendants improperly credited money in his inmate trust account against outstanding charges rather than forwarding the money to the plaintiff after he left the Sumner County Jail.

---

[1] The "Sumner Defendants" include Sonny Weatherford, Sheriff of Sumner County; Sonya Troutt, Administrator of the Sumner County Jail; and Sgt. Lance Morin.

1

A prisoner may not bring any suit with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In a Report and Recommendation (Docket Entry No. 42), the Magistrate Judge concludes that the plaintiff failed to exhaust all claims related to his stay in the "drunk tank" with the exception of the food claim. The defendants' have provided evidence that supports this conclusion. *See* Docket Entry Nos. 16-1 and 16-2. The plaintiff has offered nothing more than his unsworn assertion that he did exhaust administrative remedies for his claims.[2]

In any event, the Eighth Amendment imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

In this instance, the plaintiff has not alleged factual allegations from which the Court could infer that he was denied the necessities of life while he was confined in the "drunk tank". At best, the plaintiff's allegations demonstrate that he was made uncomfortable for a short period of time. The Constitution, however, does not mandate comfortable jails. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Consequently, the Magistrate Judge correctly found that the claims arising from plaintiff's confinement in the "drunk tank", with the exception of the plaintiff's food claim, were either not properly exhausted or failed to rise to the level of a constitutional violation.

The plaintiff also complains that he received less food while he was in the "drunk tank" than

---

[2] In a Response (Docket Entry No. 29) to defendants' Motion for Summary Judgment (Docket Entry No. 16), the plaintiff states that he "did file and exhaust his administrative remedies .... on inmate request forms .... which were probably destroyed by the defendants".

other inmates in the general Jail population in violation of his right to equal treatment. An equal protection claim requires more than a simple showing that other inmates are being treated differently than the plaintiff. Booher v. U.S. Postal Service, 843 F.2d 943,944 (6th Cir.1988). Rather, the plaintiff must also demonstrate that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." Newell v. Brown, 981 F.2d 880,887 (6th Cir.1992), *cert. denied,* 510 U.S. 842 (1993).

In this instance, the plaintiff simply alleges that he was being treated differently than other inmates at the Sumner County Jail. But inmates are not a suspect class for equal protection purposes. Michael v. Ghee, 498 F.3d 372,379 (6th Cir.2007), *cert. denied*, 128 S.Ct. 2067 (2008). As a consequence, the Magistrate Judge correctly determined that the plaintiff has failed to state an equal protection claim.

Finally, the plaintiff alleges that the "Sumner Defendants" stole his money and property rather than forwarding it on to the plaintiff at his new place of confinement. A prisoner's claim for the loss of personal property fails to state a cognizable action under 42 U.S.C. § 1983, Parratt v. Taylor, 101 S.Ct. 1908 (1981), even if the loss of property was the result of intentional misconduct. Hudson v. Palmer, 468 U.S. 517 (1984). This general proposition is inapplicable only when the state fails to provide an inmate with an adequate post-deprivation remedy. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982). In this regard, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. McLaughlin v. Weathers, 170 F.3d 577, 581-82 (6th Cir.1999). Therefore, in the absence of any allegations suggesting that the plaintiff has been denied the due process safeguards guaranteed to him by state law, the Magistrate Judge was correct in finding that the alleged loss of plaintiff's personal property did not state a claim upon

which relief can be granted.

Having carefully reviewed the record in this case, the Court finds that the Magistrate Judge's recommendations are appropriate and correct. Accordingly, the plaintiff's objections (Docket Entry No. 45) to the Report and Recommendation will be overruled. The Report and Recommendation (Docket Entry No. 42) shall be adopted and approved in all respects and the defendants' Motion for Summary Judgment (Docket Entry No. 16) will be granted.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge