IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Antonio Freeman,  )
            )
    Plaintiff,  )
            )   Cv. No.    3:13-cv-0012
vs.         )
            )   Judge Trauger/Bryant
Eric Qualls, et al. )
            )
            )
    Defendant.  )

To: The Honorable Aleta Trauger

## REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of the case, including recommendation for ruling on any dispositive motions (Docket Entry ("DE") 3.) Defendants Eric Qualls and Corporal Francis Stafford ("Defendants") have filed a motion to dismiss. (DE 38.) For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motion to dismiss be **GRANTED** and the complaint be **DISMISSED**.

## FACTS OF THE CASE

On March 11, 2012, during his transfer from Hardeman County Correctional Facility to the Sumner County Jail ("Sumner County"), Plaintiff was housed overnight at the Charles Bass Correctional Complex ("CBCX"). (Complaint, DE-1, p. 6.) While there, Plaintiff's bunk collapsed "due to its poor condition of wear and tear." (Complaint, DE-1, p. 6.) Plaintiff complained of injuries to his neck and shoulder and was treated by the on call nurse. (Exhibit ("Exh") A to Complaint, DE-1, p. 19.) Plaintiff's grievance regarding this incident, filed on March 16, 2012, was rejected by prison officials. (Exh. A to Complaint, DE-1, pp. 18-21.)

On August 23, 2012, Plaintiff surrendered his personal belongings to CBCX officials. (Exh. B to Complaint, DE-1, p. 24.) Corporal Francis Stafford accepted one large plastic garbage bag that contained three additional bags in which Plaintiff had placed his personal effects and legal papers. (Complaint, DE-1, p. 6.) Plaintiff was issued a personal property invoice, and his belongings were taken to the CBCX inmate property room. (Complaint, DE-1, p. 6.) The next morning, Plaintiff discovered that his belongings had been removed from the individual bags they were stored in and some of his property was missing. (Exh. B to Complaint, DE-1, p. 24.) Plaintiff filed a grievance over the loss of his personal property and some, but not all, was returned. (Exh. B to Complaint, DE-1, p. 24.)

## PROCEDURAL HISTORY

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed the instant complaint on January 7, 2013 alleging that Defendants, Sumner County, violated his constitutional right to be free from inhumane conditions of confinement. (DE 1) Additionally, Plaintiff asserted negligence claims against Eric Qualls as the warden of CBCX because he "is responsible for ensuring the safety and well-being (sic) of Prisoners under his supervision," and Corporal Francis Stafford and Corporal Jones for failure "to ensure the safety of [Plaintiff's] personal and legal property." (Complaint, DE-1, p. 6; Exh. A & B to Complaint, DE-1, pp. 18-26.)

Rather than answer Plaintiff's complaint, Sumner County moved for summary judgment of all claims against it on February 22, 2013. (DE-16.) According to Sumner County, Plaintiff had failed to exhaust his administrative remedies. (DE-16.) The Magistrate Judge issued a Report and Recommendation on August 19, 2013, recommending that the motion be granted. (DE-42.) By order dated September 30, 2013, the Court adopted the Report and Recommendation and granted Sumner County's motion for summary judgment. (DE 49.)

Defendants Qualls and Stafford answered Plaintiff's complaint on March 19, 2013, denying Plaintiff's claims and asserting affirmative defenses of qualified immunity and failure to exhaust. (DE-25.) Defendants Qualls and Stafford now move the court for dismissal of Plaintiff's complaint for failure to state a claim under 42 U.S.C. § 1983 ("§ 1983"). (Defendants' Motion to Dismiss, DE-25, p. 2.)

This matter is properly before the court.

## Standard of Review

Under Fed. R. Civ. P. 12(b)(6), dismissal is appropriate where, after accepting all of Plaintiff's allegations as true and resolving all doubts in Plaintiff's favor, it appears that Plaintiff's allegations fail to "plausibly state a claim for relief." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013).

## Legal Analysis

Plaintiff brought this action alleging violations of his Eighth Amendment rights to be free from conditions of cruel or inhumane confinement in his treatment at the hands of Sumner County. Appended to those claims were Plaintiff's supplemental state law claims of negligence in the inspection and maintenance of the bunk beds at CBCX and the loss of his personal effects. Defendants assert that Plaintiff's claims against them must be dismissed because, in failing to allege any acts on their part that rise to a violation of Plaintiff's constitutional rights, he has failed to state a viable claim against them.

In his response to Defendants' motion, Plaintiff concedes that his claims in regard to defendants Qualls and Stafford should be dismissed. (Plaintiff's Response to Defendant's Motion to Dismiss ("Plaintiff's R."), DE-47, pp. 2, 4.) According to Plaintiff, defendant Qualls "wasn't [the] active warden at [CBCX] at the time of Plaintiff's broken bunk claims" (Plaintiff's Response to Defendants' Motion to Dismiss, DE-47, p. 2.), and defendant Stafford "did not

3

personally commit a constitutional wrong to the Plaintiff." (Plaintiff's Response to Defendants' Motion to Dismiss, DE-47, p. 3.) On this basis, the Magistrate Judge recommends that the Defendants' motion be **GRANTED** and Plaintiff's claims against them be **DISMISSED**.

While Plaintiff concedes his supplemental claims against these defendants, his negligence claims remain against Corporal Jones, and, in his response to the motion to dismiss, Plaintiff requests leave to amend his complaint to add the warden of CBCX at the time his bunk collapsed as well as the Transit Unit Manager of Maintenance and the Chief of Security. However, while these claims were clearly permissible as supplemental to Plaintiff's constitutional claims which have been dismissed, they are no longer sufficient to state a viable claim to relief under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1367.

To state a claim under § 1983, Plaintiff must demonstrate that he was "deprived of a right secured by the Constitution or laws of the United States." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Plaintiff asserts that the injuries to his neck and shoulder are due to CBCX officials'—Warden, Transit Unit Manager of Maintenance and the Chief of Security—negligence. Likewise, Plaintiff levies charges of "negligence" and dereliction of duty against Corporal Jones over the loss of his personal belongings. However, the "negligent act of an official causing unintended loss of or injury to life, liberty, or property" is not a cognizable offense under § 1983, *Daniels v. Williams*, 474 U.S. 327, 328 (1985), even when the loss is intentional. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Because Plaintiff's remaining claims are predicated on negligence, he has failed to state a constitutional claim to relief against either the unnamed officials at CBCX or Corporal Jones. As such, Plaintiff's request to amend should be denied as futile, *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (noting that "[a] proposed amendment is futile if the

amendment could not withstand a Rule 12(b)(6) motion to dismiss."), and his claims against Corporal Jones should be dismissed. *See DePiero v. City of Macedonia*, 180 F.3d 770, 790 (6th Cir. 1990) (finding no abuse of discretion in district court's dismissal of supplemental state law claims, as provided under 28 U.S.C. § 1367(c)(3), subsequent to dismissing all federal claims).

### Recommendation

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**. Further, the Magistrate Judge **RECOMMENDS** that Plaintiff's motion to amend be **DENIED**, and his remaining claims be **DISMISSED** without prejudice.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 12th day of February, 2014.

/s/ John S. Bryant_____
John S. Bryant
United States Magistrate Judge